DAVID T. PHILIPS, PLAINTIFF IN ERROR, V. JOSEPH SPOTTS AND OTHERS, DEFENDANTS IN ERROR.

**Jurisdiction.** Writs and processes of the courts may be divided into two classes: 1. Those which point out specifically the property or thing to be seized. 2. Those which command the officer to make or levy certain sums of money out of property named. In the first class the officer has no discretion, but must do precisely what he is commanded. Therefore, if the court had jurisdiction to issue the writ, it is a protection to the officer in all courts. *Buck v. Colbath*, 3 Wallace R., 334.

ERROR to the district court for Clay county. Tried below before WEAVER, J.

*Hurd & Matters* and *John D. Hayes*, for plaintiff in error, cited: *State v. Jennings*, 4 Ohio State, 418. *Chapman v. Weimer*, Id., 481. *People v. Schuyler*, 4 Conn., 173. *Archer v. Noble*, 3 Greenleaf, 418. 1 Parsons Contracts, 520. 2 Id., 773. *Tootle v. Dunn*, 6 Neb., 99. 2 Hilliard on Torts, 143.

*Bagley & Bemis*, for defendants in error.

COBB, J.

One Hargreaves sued out a writ of replevin from before a justice of the peace in an action against one Frank Philips. The writ was in the usual form, and commanded the sheriff or any constable of the county to immediately seize and take the property, by description, to-wit: 50 bbls. apples, 35 lbs. cheese, 1 box cream crackers, 1 bbl. ginger snaps, 1 bbl. soda crackers, and 2 boxes butter crackers, "wherever they may be found in said county," etc.

This writ was placed in the hands of Joseph Spotts, the principal defendant in error herein, who was a constable of said county, for service. Spotts thereupon seized the goods therein described and delivered them to the plaintiff in said writ of replevin, taking the usual replevin bond therefor. D. T. Philips, claiming to have purchased the said goods from Frank Philips, brought this action in the court below, against the constable and the other defendants, who were his securities on his official bond, for the value of the goods. The jury found for the defendants. There is no question raised either upon the pleadings, admission or rejection of testimony, or upon the instructions, but only upon the denial by the court of a new trial on the ground that the verdict was not sustained by the evidence.

The question presented by the pleadings and evidence is, whether an action will lie against a constable and his sureties on his official bond for the taking of goods on a writ of replevin, regular and fair on its face, by one not a party to the replevin suit, who claims to be the owner of the goods replevied.

Our statute, sec. 1035 of the civil code, provides for the issuing of a writ of replevin by a justice of the peace upon the filing of an affidavit setting up certain facts therein prescribed, that such summons shall be as in other cases, "but in addition commanding the officer immediately to seize and take into custody, wherever found in the county, the goods and chattels mentioned in the affidavit," etc.

Sec. 1036 provides that: "The constable or sheriff shall execute the writ by taking the property therein mentioned; he shall also deliver a copy of the summons to the person charged with the unlawful detention of the property," etc.

We think that it may be laid down as a rule of almost universal application that legal process issued by a court of competent jurisdiction will protect an officer while acting within the letter and spirit of its command. Lord C. J. Kenyon in *Belk v. Broadbent*, 3 Term R., 183, used the following language: "But it is incomprehensible to say that a person shall be considered as a trespasser who acts under the process of the court."

In levying an execution or fi fa or an attachment, where the command is to levy the same of the property of A. B., defendant, if the sheriff levy the same of the property of C. D., a stranger, it is a breach of official duty as well as an invasion of private right, and the sheriff and his sureties will be liable on his official bond at the suit of C. D., because the taking of the property of C. D. was not within the command of the writ. Such cannot be the case in the service of a writ of replevin. In the latter case the command is, to seize and take certain property therein specifically described. The name of the owner is never mentioned, unless as a matter of description, and if the sheriff by virtue of such writ seize the identical property intended and described by the writ, and make such disposition of it as the law requires, the writ will protect him, although it may turn out that a stranger is the real owner of the property.

Mr. Crocker, in his work on sheriffs, etc., states the rule as follows: "Sec. 285. If the process is issued by a court or officer of competent jurisdiction, and is not void for any reason, it will be the duty of the sheriff to execute it according to the command thereof, although such process may have defects upon its face which render it voidable. * * * He is answerable alone, in such case, for the manner in which he executes it."

The case of *Watson v. Watson*, 9 Conn., 14, is quite in point. We quote from the opinion of the court by C. J. Hosmer: "It was said in the argument of this case, that no difference exists as to the proceedings of an officer, if the plaintiff has no property in the goods to be replevied, between the taking of property on a replevin and the taking of the goods of A upon a process commanding him to take the goods of B; that the caption in both cases is equally a trespass. No remark can be more unfounded, for the difference is immense and distinctly marked. *In case of the replevin the officer does what by legal authority he is commanded to do; and in the other case he does what he was not commanded to do.* In replevin the property is identified and described, and the command is, *take this specific property.* In the case of a process commanding the taking of the goods of A., without any identification or description, the command is, *take the goods of A, if any such there are, but not the goods of any other person.* From the nature of the case last put the officer must act on his own enquiry, and is bound to all the responsibility of his action. * * * *"

In the case of *Buck v. Colbath*, 3 Wallace, 334, it became necessary for the supreme court of the United States to pass upon the question here involved. We quote somewhat at length from the opinion by Mr. Justice Miller, as well for its high authority as for its clear statement and satisfactory reasoning:

"How far the courts are bound to interfere for the protection of their own officers, is a question not discussed in the case of *Freeman v. Howe*, but which demands a passing notice here. In its consideration, however, we are reminded at the outset that property may be seized by an officer of the court under a variety of writs, orders, or processes of the court. For our present purpose, these may be divided into two classes:

"1.   Those in which the process or order of the court

describes the property to be seized, and which contain a direct command to the officer to take possession of that particular property. Of this class are the writ of replevin at common law, orders of sequestration in chancery, and nearly all the processes of the admiralty courts, by which the *res* is brought before it for its action.

"2. Those in which the officer is directed to levy the process upon property of one of the parties to the litigation sufficient to satisfy the demand against him, without describing any specific property to be thus taken. Of this class are the writ of attachment or other mesne process by which property is seized before judgment to answer to such judgment when rendered, and the final process of execution elegit, or other writ by which an ordinary judgment is carried into effect.

"It is obvious, on a moment's consideration, that the claim of the officer executing these writs to the protection of the courts from which they issue stands upon very different grounds in the two classes of process just described. In the first class he has no discretion to use, no judgment to exercise, no duty to perform but to seize the property described. It follows from this, as a rule of law of universal application, that if the court issuing the process had jurisdiction in the case before it to issue that process, and it was a valid process when placed in the officer's hands, and that, in the execution of such process, he kept himself strictly within the mandatory clause of the process, then such writ or process is a complete protection to him, not only in the court which issued it, but in all other courts."

Counsel for plaintiff in error cites *State v. Jennings*, 4 Ohio State, 418, which is an authority directly in point on his side. This court has almost always followed the supreme court of Ohio (that being the state whose laws and system of jurisprudence have been more closely followed by us than any other) when cited to a case in point. But notwithstanding our high respect for that court, and particu-

larly for the distinguished judge who delivered the opinion in the case referred to, we cannot follow it to the conclusion therein reached. The case fails to draw any distinction between the variety of writs, orders, or processes of the courts as classified and clearly defined by Mr. Justice Miller as above quoted. The cases cited by Chief Justice Thurman, in *State v. Jennings*, as well as those cited by counsel, without an exception come within Mr. Justice Miller's second class, and are as we think inapplicable to a case growing out of the service of a writ of replevin, such as that court was then considering, and such as the case at bar.

The judgment of the district court being in accord with the views herein expressed is affirmed.

JUDGMENT AFFIRMED.