## Isaac Marston v. Catharine Brashaw et al.

*Conveyance: Certificate of Acknowledgment: Subscribing.* The certificate of acknowledgment of a conveyance is not valid unless subscribed.—*2 Comp. L.* §2729.
  A name written in the body of the certificate is not such a signature as the law requires.

*Heard April 7th. Decided April 13th.*

Error to Bay Circuit.

This was an action of ejectment to recover the possession of certain premises in Bay county.

The decision of the case turns upon the validity of a certain deed introduced in evidence by the plaintiff, and which was excluded by the court below for the reason that the officer who took the acknowledgment did not subscribe the same.

MARSTON v. BRASHAW ET AL.

A verdict was found for the defendant.

*Isaac Marston,* for plaintiff in error.

The record of a warranty deed from Terissa Matevia, to Louis B. Trombley, dated October 16, 1850, offered in evidence by plaintiff, was improperly rejected by the court.

The signature of an officer at the end of a certificate is not necessary, where his name appears in the body, and purports to be his act; and no showing or intimation is made that it was not his handwriting. — *Smart v. Howe, 3 Mich. 592.*

*D. B. Duffield,* and *Green & Scofield,* for defendants in error.

The record of what purported to be a deed from Terissa Matevia, was properly rejected by the court on both the grounds upon which its introduction in evidence was objected to. The certificate of acknowledgment was not signed; and there was no evidence of the execution of the deed or certificate. — *2 Comp. Laws, §§ 2720, 2727, 2732, 2742; 4 Mich. 565.*

CAMPBELL J.

Plaintiff brought ejectment, and, in order to show title, offered to introduce the record of a deed from one Terissa Matevia to Louis B. Trombley, and to show that the grantee went into possession, claiming title under it. He also proposed to deduce title to himself from this grantee by virtue of a series of mesne conveyances. The record of the first deed was excluded as invalid, and the subsequent conveyances were also ruled out for various reasons alleged, and plaintiff was therefore subjected to an adverse verdict.

The objection urged against the record of the original deed in the chain of title, was that it had no legal certificate of acknowledgment. The name of an acknowledging officer was inserted with a proper date in the certificate as

having taken the acknowledgment, but he did not subscribe it, although his name appears as a subscribing witness. It is claimed by plaintiff that a certificate is lawfully signed, if the name is inserted in it by the proper officer, without any technical subscribing, on the same principle which made a signing good under some clauses of the Statute of Frauds, without a subscribing, where intended to serve as a complete execution of a written instrument.

We think the certificate of acknowledgment of a conveyance is not valid unless subscribed. We believe this to be the only safe rule on principle, and we regard it as clearly indicated by the words of the Recording Laws. It is a very common practice among conveyancers to insert the name as well as title of the acknowledging officer in the body of the certificate, and such certificates are very frequently prepared beforehand, so that he writes nothing but his signature. If his name were to be set at the head only, there could be no safeguard against additions to it, and under our laws, which make records *prima facie* evidence, the original could not always serve, or be found, to prevent frauds from being practiced with comparative impunity. And instead of being judicially informed that certificates have been commonly used without being subscribed, we know the general usage to have been the reverse. If such instances exist, they must in all probability have been the result of accident.

We are not left to any doubt on this subject by the laws themselves. Our statutes which provide for acknowledgment, relate as well to acknowledgments out of the State as to those taken here. The terms applicable to domestic and foreign acknowledgments are almost verbally identical. But the statute, when providing for acknowledgment in other states, declares that they shall not entitle conveyances to be recorded without a certificate by a proper clerk or other person, setting forth among other things that " the person whose name is subscribed to the certificate of ac-

knowledgment was, at the date thereof, such officer as he is
therein represented to be," and "that he believes the signa-
ture of such person *subscribed* thereto to be genuine."—*2
Comp. L.* § *2729.* This provision has existed in substance
from a very early period, and the legislature evidently took
it for granted that all acknowledgments would be thus sub-
scribed. This is also in accordance with the popular un-
derstanding of the place of a signature. The few exceptions
which have been recognized, have never recommended them-
selves to the judgment of the profession, and no unsub-
scribed signature has been allowed to stand as valid with-
out satisfactory proof that the instrument was delivered by
the signer as a binding act, and intended to be complete.
There was never any general presumption of that kind,
and should any such be now adopted it could only work
mischief.

As the only claim attempted to be shown, was under
this deed and a possession taken by virtue of it, the sub-
sequent conveyance could be of no importance in the case,
if this should be ruled out. We therefore do not deem it
important to consider the questions which relate only to
those, inasmuch as we think the court rightly excluded the
first record.

The judgment should be affirmed, with costs, and the
record remanded.

The other Justices concurred.