ALBERT E. BIGELOW AND MARIA ANN SHAW v. CHARLES N. BOOTH AND ELSIE A. BOOTH.

*Execution against land on transcript of justices' judgment—Joint bill to redeem—Transfer of causes—Assignment of mortgage pending foreclosure does not affect the result if not brought to the notice of the court.*

An execution sale of land upon a transcript of a justice's judgment is void if the transcript is not officially signed by the justice, and it is void if an affidavit of the amount due on the judgment is not filed with the clerk of the circuit court, as required by Comp. L., § 5383, to obtain the filing of the transcript; the affidavit for the transcript, filed with the justice under § 5382, is not enough.

A bill to redeem filed by several persons jointly, cannot be maintained if the ground of their joint claim fails, whatever any one of them, claiming title from another source, might be entitled to in a separate proceeding.

Foreclosure proceedings pending in the Wayne Circuit Court at the taking effect of the act establishing the Superior Court of Detroit, were removable to the latter court under that act.

The assignment of a note and mortgage after beginning foreclosure, cannot affect the proceedings on the decree if it neither appears of record nor is brought to the knowledge of the court.

Appeal from the Superior Court of Detroit. Submitted October 29. Decided October 31.

BILL TO REDEEM MORTGAGED PREMISES. Defendant Elsie A. Booth appeals.

*Charles M. Swift* and *Hawley & Firnane* for complainants. The validity of a sheriff's deed on execution issued under a transcript of a justice's judgment cannot be impeached for irregularities in the transcript and other papers, *Reed v. Gage*, 33 Mich., 179; *Mayhew v. Snell*, id., 182; *Smith v. Brown*, 34 Mich., 455; *Zimmer v. Davis*, 35 Mich., 39; *Allen v. Rensselaer Mills*, 26 Mich., 123; *Deitz v. Groesbeck*, 32 Mich., 303; *Saunders v. Tioga Mfg. Co.*, 27 Mich., 520; an assignment of a mortgage pending foreclosure abates the proceeding, *Wallace v. Dunning*, Walk. Ch., 416; *Webster v. Hitchcock*, 11 Mich., 56; *Perkins v. Perkins*, 16 Mich., 162; *Brewer v. Dodge*, 28 Mich., 360; *Sedgwick v. Cleveland*, 7 Paige, 287; *Mills v. Hoag*, id., 18; *Field v. Maghee*, 5 Paige, 539; a cause cannot be transferred to a court of collateral jurisdiction after an order *pro confesso* and a preliminary decree has been entered in it, *Heath v. Kent Circ. Judge*, 37 Mich., 372; *Nor. Cent. Ry. v. Rutledge*, 41 Md., 372.

*Geo. W. Bates* for defendant Elsie A. Booth. The statute authorizing judgments on transcripts of a justice's judgment must be strictly followed, *Jewett v. Bennett*, 3 Mich., 198; the transcript must be certified, and an affidavit of the amount due must be filed, *Millar v. Babcock*, 29 Mich., 526; *Udell v. Kahn*, 31 Mich., 195; *Monaghan v. McKimmie*, 32 Mich., 40; when defective jurisdictionally, the judgment may be attacked collaterally, *Hahn v. Kelly*, 34 Cal., 402: 8 Amer. L. Reg. (N. S.), 122; an assignee *pedente lite* need not be made a party to proceedings in chancery, Story's Eq. Pl. (8th ed.), § 156; 2 Dan. Ch. Pr., 1517; though he may become a party by a supplemental bill, Story's Eq. Pl., § 348; 1 Dan. Ch. Pr., 281; Mitf. Eq. Pl., 114; *Foster v. Deacon*, 3 Madd., 203; *Binks v. Binks*, 2 Bligh's App. Cas., 593; *Exp. R. R. Co.*, 95 U. S., 226: though a transfer of interest may affect a suit, it may continue unless objection is made, *Garr v. Gomez*, 9 Wend., 649; *Massey v. Gillelan*, 1 Paige, 644: *Peters v. Gallagher*, 37 Mich.,

411; *Newberry v. Trowbridge*, 13 Mich., 281; *Mobile Bank v. Hunt*, 8 Ala., 884; *Eyster v. Gaff*, 91 U. S., 521.

MARSTON, J.  This was a bill filed to redeem from a sale on a mortgage foreclosure of certain real estate.

Complainant's claim of title is under an execution sale of the mortgaged premises upon a judgment rendered against the grantee of the mortgagor in justice's court, and a transcript thereof filed in the circuit, upon which execution issued and the premises were sold.

It is claimed that the transcript of the judgment as filed in the circuit was fatally defective, and that the sale made under the execution was irregular and void.

Admitting that the affidavit made and filed with the justice April 4th, 1876, under 2 Comp. L., § 5382, was entirely regular, but which is disputed, there still remain two fatal defects to be noticed.  The transcript of the justice filed with the clerk was not signed by the justice at all.  His name appears in the body of the certificate, but that is not sufficient.  Whether it was written there by the justice or by some other person does not appear. It should have been signed officially by him in the usual manner.  *Marston v. Brashaw*, 18 Mich., 81.  The statute (§ 5383) makes it the duty of the clerk of the circuit court to file such transcript, and to enter and docket the judgment, on the plaintiff, his agent or attorney, making and filing an affidavit stating the amount due upon such judgment.

No such affidavit was made or filed.  The affidavit made and filed with the justice under § 5382 would not take the place of the affidavit required by § 5383.  The one filed with the justice was made and sworn to April 4th, while the transcript was filed with the clerk of the circuit court April 12th.  Here was ample time in which the judgment might have been paid in whole or in part. It does not necessarily follow that the amount sworn to as due on the 4th of April remained due and unpaid on the 12th of the same month.  Irrespective of this however the statute clearly contemplates that a sec-

ond affidavit shall be made, and that it shall be filed with the clerk. And it is only upon this affidavit being filed, that the clerk is authorized to file the transcript and enter and docket the justice's judgment. The affidavit is jurisdictional; the want of it is not a mere irregularity,—it goes to the foundation of the whole proceedings, and in the absence thereof no valid sale could be made. It follows therefore that complainants acquired no right or interest in the premises in question under the execution sale, and as complainants do not jointly claim under or from any other source it follows that they are not entitled to the relief sought, whatever one of them, standing alone, might be entitled to claiming title from another source.

Ordinarily we might go no farther, but an examination of the record fails to show any fatal defect or irregularity in the foreclosure proceedings. This case was pending in the Wayne circuit at the time the Superior Court Act took effect, and the transfer of such cases was clearly provided for and authorized by that act.

Whatever the effect of the assignment of the note and mortgage by the mortgagee and complainant, after he had commenced proceedings for the foreclosure of his mortgage, might have been if brought to the attention of the court, it is sufficient to say that until known they could have no effect whatever. Although known to the parties, yet the assignment did not appear of record, and was not brought to the knowledge of the court. The case proceeded regularly to a decree, sale and confirmation of the same, and the effect of such assignment is sought to be used in this case for the first time. It cannot be so used. The decree made and sale thereunder were valid and cannot thus collaterally be attacked. Were it otherwise, rights acquired by parties under judicial sales could never be safe from attack.

The decree must be reversed and the bill dismissed with costs.

The other Justices concurred.