ERNEST A. WOOD v. ALLEN C. ADSIT, CIRCUIT JUDGE
OF KENT COUNTY.

*Constitutional law—Removal of cause—Jurisdiction.*

1. How. Stat. § 6584, which provides for the removal of any
cause, either at law or in chancery, from the circuit court
of Kent county to the superior court of Grand Rapids, is
constitutional.

2. Upon filing a bill for divorce in the circuit court for Kent
county, a preliminary injunction restraining the defendant
from disposing of his property, was granted *ex parte*. On
the following day a petition for temporary alimony was
filed, and, together with the usual subpoena to appear and
answer and the injunction, was served upon the defendant,
who, three days later, and before any further proceedings
had been had in the case, caused his appearance to be
entered, and filed a petition and bond for the removal of
the case to the superior court of Grand Rapids. And it is
held that the case had not proceeded so far that a removal
could not be made under said statute.

3. The fact that the parties were residents of the city of Grand
Rapids sufficiently appeared from the allegation of such fact
in the petition for transfer, in the absence of any denial
of the fact by the return or otherwise.

*Mandamus.* Argued April 30, 1895. Granted May 21,
1895.

Relator applied for *mandamus* to compel respondent to
vacate an order granting temporary alimony after an
application had been made to have the cause removed to
the superior court of Grand Rapids. The facts are stated
in the opinion.

*More & Wilson,* for relator.

*Frank L. Carpenter,* for respondent.

Long, J.  March 11, 1895, Marguerite J. Wood, filed a bill for divorce in the Kent circuit court, in chancery, against her husband, the relator here.  Judge Adsit granted a preliminary injunction, *ex parte*, restraining defendant from disposing of his property.  On March 12, complainant filed a petition in the cause for temporary alimony, and the subpoena, injunction, and petition for alimony were served on defendant on March 15.  On March 18 defendant caused his appearance to be entered by his counsel, and filed a petition and bond for the removal of the cause to the superior court of Grand Rapids.  The circuit court held the removal statute invalid, and entered an order for temporary alimony.  A motion was then entered asking that the order so made be vacated, which was denied.  Relator now asks for *mandamus* to compel the respondent to vacate the order so entered.

The statute which it is claimed authorized the removal is section 6584, How. Stat., and reads as follows:

"If either party to any cause now pending in the circuit court for the county of Kent, either at law or in chancery, and within the jurisdiction of said superior court, shall, after the taking effect of this act, or if the defendant in the case of a suit within such jurisdiction hereafter commenced, at the time of entering his appearance in said circuit court, shall file with the clerk or register of said court a petition for the removal of the cause into the said superior court for the city of Grand Rapids, and shall at the same time file with the clerk or register of said circuit court a bond to the opposite party, with sufficient surety, to be approved by the judge of said circuit court, or a circuit court commissioner of said county of Kent, and in such sum as such judge or commissioner shall direct, conditioned for the entering in said superior court, on the first day of its next regular term, if that shall be at least 40 days after the date of the filing of said bond, and, if it shall not, then within forty days from the filing thereof, copies of all papers filed and proceedings had in said cause in the said circuit court, and also for his there appearing and entering special bail in the cause if special bail was originally requisite therein; and, upon the filing of said petition and bond, it shall thereupon be the duty of said circuit court for the county of Kent to proceed no further in the cause, and no order of said

circuit court for the removal of said cause shall be requisite, and the filing of said petition and bond shall operate as a stay of all proceedings in said circuit court in said cause, and any bail that shall originally have been taken shall not be discharged; and, the copies of said papers and proceedings being so entered and filed as aforesaid in such superior court, the cause shall then proceed in the same manner as if it had been originally brought in said court, and any attachment of the goods or estate of the defendants by the original process shall hold the goods or estate so attached to answer the final judgment, in the same manner as they would have been held to answer the final judgment had it been rendered by the court in which the suit was commenced. It shall be the duty of the clerk of said circuit court, within the time prescribed for filing said copies, to deliver to the person so seeking to remove said cause, upon being paid therefor five cents per folio for making and certifying such copy, and in case the clerk of said circuit court shall, upon demand and the payment or tender of his fees, refuse or neglect to deliver to such party certified copies of such record and proceedings, the superior court, on proof by affidavit that the said clerk has refused or neglected to deliver such copies thereof on demand as aforesaid, shall direct and allow such record to be supplied by affidavit or otherwise, as the circumstances of the case may require or allow, at any time within which the court shall direct; and thereupon such proceedings, trial, and judgment may be had in said superior court as if certified copies of such records and proceedings had been regularly before the said court: *Provided,* however, that no action at law pending in said circuit court when this act takes effect shall be thereafter removed under the provisions of this act during a final trial thereof."

In *Heath v. Circuit Judge,* 37 Mich. 372, this statute was under consideration, and it was held that the cause was not removable, because the circuit court had already passed upon the merits, and had entered a decree for accounting, which had partly been carried into execution, and there was nothing left for future inquiry but the pecuniary balance and the consequent determination of the final measure of relief. The constitutionality of the act was not passed upon. It was said, under the circumstances, that a removal at this stage of the proceedings "would give to the superior court what is practically an appellate power of reviewing and reconsidering

what has already been decided at the circuit." It was further said: "So long as the circuit court has not entered upon the hearing of the cause, it cannot be said to have involved any judicial action." The section providing for the removal of causes from the circuit court to the superior court of Detroit is, so far as any constitutional question can be raised, identical with the section now before us, and the constitutionality of that act has been recognized by this Court. *Bigelow v. Booth,* 39 Mich. 622; *Rankin v. Circuit Judge,* 39 Id. 115; *Butler v. Circuit Judge,* 41 Id. 654.

It is contended by respondent that the cases heretofore passed upon were at law, and that in this chancery proceeding, where an injunction has been issued, the transfer to the superior court would permit that court to rehear that question, and therefore it would give, in effect, the superior court appellate jurisdiction. We think the case had not proceeded so far that a removal could not be made under the provisions of this statute. The injunction was issued upon an *ex parte* showing, and the application was made upon the entry of appearance in the cause.

It is also contended that there is nothing appearing upon the papers showing that the parties were residents of the city of Grand Rapids. The petition for the transfer of the cause shows that the parties were both residents of the city of Grand Rapids, and there is no denial of the fact by the return or otherwise.

Inasmuch as the act authorized the transfer, we see no valid reason for holding that the relator did not apply in time.

The writ must be granted.

The other Justices concurred.