EMMA H. HOLMES, APPELLEE, v. MARY J. CROOKS ET AL., APPELLANTS.

FILED NOVEMBER 3, 1898.   No. 8373.

1. **Sheriff:** SALE AFTER EXPIRATION OF TERM OF OFFICE. A sheriff to whom an order of sale has been issued, and who has commenced the execution of the same during his term of office, may complete the service after the expiration of such time.

2. **Judicial Sale: Notice: Proof of Publication.** A purported affidavit of proof of publication of notice of sale of land under an order of sale is not sufficiently authenticated if it lacks the signature of an officer to the jurat.

Appeal from the district court of Lancaster county. Heard below before Holmes, J. *Reversed.*

*John S. Kirkpatrick,* for appellants.

*Field & Brown* and *Cobb & Harvey,* contra.

Harrison, C. J.

In this, an appeal from an order of the district court of Lancaster county, by which there was confirmed a sale of real estate made under a decree of foreclosure of a mortgage, it is complained that there were fatal defects in the proceedings; of such as are urged at the present-time but two were of the grounds of the objections to the confirmation presented to the district court, and none others will be considered.

One objection was that the sale took place after the term of office of the sheriff who made it had expired. The sheriff received the order of sale December 26, 1895, and he caused an appraisement of the premises to be sold to be made of date January 6, 1896. These acts were prior to the expiration of the sheriff's term of office. It is of the provisions of our statutes that "sheriffs and their deputies may execute any process which may be in their hands at the expiration of their office." (Compiled Statutes; ch. 18, art. 1, sec. 123.) That an order of sale comes within the term "process" see *Philips v. Spotts,* 14 Neb. 139. An officer who commenced the service of the process during his term of office may complete its execution after the expiration of his term. (1 Freeman, Executions sec. 62; *Fowble v. Rayberg,* 4 O. 45.)

A second objection was that no proper or sufficient proof of publication of a notice of the sale was made. In the return to the order of sale there appears a statement of the publication of the notice, and such statement is ac-

companied by a reference to the affidavit or proof of the publication as a part of the return. The document alluded to is in the ordinary form of what is termed an affidavit of publication of notice of sale, and purports to be signed by the publisher of a newspaper as the affiant. The jurat is in substance regular and there is an impression of a notarial seal immediately below the form and to the left of the words "Notary . Public," which words appear just below a line directly underneath the right-hand end of the jurat, but the signature of the notary public is nowhere present,—is wholly lacking. Notice is necessary and publication in a newspaper is prescribed. (Code of Civil Procedure, sec. 497.) "Publications required by law to be made in a newspaper, may be proved by affidavit of any person having knowledge of the fact, specifying the time when and the paper in which the publication was made, but such affidavit must, for the purposes now contemplated, be made within six months after the last day of publication." (Code of Civil Procedure, sec. 403.) The statement of the officer in his return did not prove the publication of the notice. (*Miller v. Lefever*, 10 Neb. 77.) In section 6 of chapter 61, Compiled Statutes, certain powers and duties of notaries public are enumerated, inclusive of that of administering oaths and affirmations; and it is further provided: "And over his signature and official seal certify the performance of such duties, so exercised and performed under the provisions of this act, which certificate shall be received in all courts of this state as presumptive evidence of the fact therein certified to." "An affidavit may be made in and out of this state, before any person authorized to take depositions, and may be authenticated in the same way." (Code of Civil Procedure, sec. 371.) Authentication is by the certificate, signature of the officer in all cases, and official seal, if the officer has one. (Code of Civil Procedure, sec. 384.) In the opinion in the case of *Bantley v. Finney*, 43 Neb. 794, written by RAGAN, C., wherein there was under consideration an affidavit to

which the jurat was blank or had not the signature and seal of the officer, it was, impliedly at least, held that it was not proved or authenticated, the main point of adjudication being that the fact of its being sworn to might be proved by extrinsic testimony. That the impression of the seal appeared to the jurat in question in the case at bar was not alone sufficient. Further proof that the oath was before the officer to whom the seal belonged was requisite. The jurat without the signature of the officer was incomplete and no authentication of the document on which it appeared. (Ency. Pl. & Pr. 317, 318, and cases cited.) There was not sufficient proof of the publication of the notice of the sale. The order of confirmation must be reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.