[No. 15334. Department Two. June 24, 1919.]

# B. T. WOODS, *as Receiver of Mountain Mill Company, Appellant,* v. YOUNG LUMBER COMPANY, *Respondent.*[1]

CHATTEL MORTGAGES (16, 18)—AFFIDAVIT—NOTARIAL CERTIFICATE—SUFFICIENCY. A chattel mortgage will not be held void as to creditors by reason of failure of the notary taking the acknowledgment and affidavit of good faith to impress his notarial seal upon the certificate to the affidavit of good faith, where such seal was duly affixed to his certificate to the acknowledgment, made by the same person who swore to the affidavit which immediately followed the acknowledgment, all constituting one instrument executed in all its parts at the same time.

Appeal from a judgment of the superior court for Pierce county, Fletcher, J., entered April 7, 1919, upon sustaining a demurrer to the complaint, dismissing an action by a receiver to avoid an alleged preference obtained by a creditor of an insolvent corporation. Affirmed.

*Leopold M. Stern,* for appellant.

*Davis & Neal,* for respondent.

PARKER, J.—The plaintiff Woods, as receiver of the Mountain Mill Company, seeks recovery of a money judgment against the defendant, Young Lumber Company, upon the ground that it has received a preference payment as a creditor of the Mountain Mill Company, after the company became insolvent. The lumber company demurred to the receiver's complaint upon the ground that it did not state a cause of action, which demurrer was sustained by the superior court; and the receiver electing to stand upon his complaint and not plead further, judgment of dismissal was rendered against him, from which he has appealed to this court.

[1]Reported in 181 Pac. 865.

The only question necessary for us to notice is as to whether or not the chattel mortgage executed by the mill company, under which a sale of certain of its property was had in satisfaction of the lumber company's claim after the mill company's insolvency, was void for want of the attaching of the notary's official seal to his jurat certifying to the subscribing and swearing to the affidavit of good faith made by the president of the mill company, the mortgagor. The acknowledgment and the affidavit of good faith were both made by the president of the mill company in its behalf before the same notary. The notary's certificate of acknowledgment and his jurat certifying to the subscribing and swearing to the affidavit of good faith by the president were separate certificates, each being separately signed by the notary. Near to his signature upon the certificate of acknowledgment he placed in the usual position an impression of his official seal. There was no other impression of his official seal elsewhere upon the instrument. The affidavit of good faith immediately followed the certificate of acknowledgment, and the notary's jurat certifying to the subscribing and swearing to the affidavit followed the president's signature thereto. The mortgage, certificate of acknowledgment, affidavit of good faith, and certificate of the notary of the making of the latter, manifestly constitute one instrument, executed in all its parts at the same time.

Counsel for appellant invokes the general rule that the absence of an impression of a notary's official seal from the certificate of his performance of an official act, except in cases wherein the statute expressly dispenses with the necessity of a seal, renders the certificate of no effect, as held in *Gates v. Brown,* 1 Wash. 470, 25 Pac. 914, and *Stetson & Post Mill Co. v. McDonald,* 5 Wash. 496, 32 Pac. 108. The real con-

troversy here is whether or not there is such an absence of an impression of the notary's official seal from his jurat certifying to the subscribing and swearing to the affidavit of good faith as to render that certificate of no effect. In other words, can it be held that the one impression of the notary's official seal near his signature to the certificate of acknowledgment is sufficient in law to render both certificates effective under the facts in this case. It is plain that this mortgage was made with a view not only of its becoming a good mortgage, as between the mortgagor and mortgagee, but with a view of its becoming a good mortgage as against all persons who might, after its execution, become interested in the mortgaged property. This was manifestly the intent and purpose at the time of its execution; and, as we have noticed, all acts of the parties, including those of the notary, having to do with its execution were concurrent as to time and constitute in effect one transaction. This, we think, is plainly evidenced upon the face of the instrument as a whole. In Rem. Code, § 3660, relating to the manner of executing chattel mortgages, we read:

"A mortgage of personal property is void . . . unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged . . ."

It is plain that both the acknowledgment and the affidavit of good faith are necessary to a complete execution of the mortgage, except as between the mortgagor and mortgagee. These two acts are so intimately related to each other in their purpose that the evidencing thereof by the notary might well be done by the notary in one certificate, especially when the instrument is acknowledged and the affidavit made by the same person. Plainly there is nothing in the stat-

ute requiring him to evidence the two acts by two separate certificates. We are of the opinion that, in view of the concurrence of all the acts on the part of the mortgagor, mortgagee and the notary, the acknowledgment and affidavit of good faith being made by the same person in behalf of the lumber company, the two certificates of the notary may be considered as one act; and the attaching of the seal to the certificate of acknowledgment be also deemed an attaching of it to the jurat certifying to the president's subscribing and swearing to the affidavit in good faith.

We have not had brought to our attention any authorities that we regard as exactly in point. It seems, however, that the reasoning of the decision of the New York Court of Appeals in *Olcott v. Tioga R. Co.*, 27 N. Y. 546, 84 Am. Dec. 298, supports the conclusion we here reach. In that case there was involved a notary's certificate of protest, and another separate certificate by him upon the same paper of the mailing of notices of the protest on the same day, the notary's seal being attached in the usual position near his signature to one certificate, but not elsewhere upon the paper. In holding that the one seal was sufficient to satisfy the law as to both certificates, and that it might be regarded as attached to both, Judge Selden, speaking for the court, all the other judges concurring, said:

"The statute contemplates but a single certificate as evidence of the presentment of a note or bill for payment, its protest, and the giving of notice of its dishonor. The language of the statute is this: 'The certificate of a notary, under his hand and seal of office, of the presentment by him of any promissory note or bill of exchange for acceptance or payment, and of any protest of such bill or note for non-acceptance or non-payment, and of the service of notice thereof on any or all of the parties,' etc., 'shall be pre-

sumptive evidence of the facts contained in such certificate.' (3 R. S., 5th ed., 474.) The notary may undoubtedly certify to each of the acts separately, but he may also, by one certificate, verify them all. If the certificate be 'under his hand and seal of office,' it is sufficient, and it cannot be of any importance where the seal is affixed. It may be at the beginning, at the end, or anywhere upon the margin, or might be appended by a ribbon, after the manner of the sealing of ancient charters. The officer is not required to certify to the sealing, but it is sufficient if the seal be, in fact, affixed, and the name signed. Unquestionably, therefore, if the seal had been placed where it is, and the signature only at the bottom of the last part of the certificate, the whole would have been sufficiently verified. I do not think it is any the less so by reason of the words, '*In testimonium veritatis*,' with the signature opposite the seal, between the two parts of the certificate. The whole may, with propriety, be regarded as one certificate, once sealed and twice signed. *I adopt this conclusion the more readily, because the objection is merely formal, the certificate, in its present form, furnishing all the security against error, and imposing upon the notary all the responsibility which it could do if another seal were added.*"

We have italicized the portion of the language used by the learned judge which we think furnishes the key to the solution of our problem. The only difference, we think, between the situation there involved and that here involved, is that there the statute seems to have contemplated evidencing the facts by a single certificate of the notary, while here our statute is silent upon the question of whether the notary shall evidence the taking of the acknowledgment and the subscribing and swearing to the affidavit of good faith by one or two certificates. We are quite convinced, however, that, under our statute, there is nothing preventing the notary evidencing the two acts by one certificate, and that, under the circumstances here shown, he may be

considered as having done so, in so far as the attaching of his official seal is concerned.   The only decision coming to our notice which we regard as being authority to the contrary is that of *DeGraw v. King,* 28 Minn. 118, 9 N. W. 636.

The judgment is affirmed.

HOLCOMB, C. J., MOUNT, and FULLERTON, JJ., concur.