## In re JESSE.

## HERRICK v. FIRST NAT. BANK OF COLVILLE, WASH.

(Circuit Court of Appeals, Ninth Circuit. January 8, 1923. Rehearing Denied March 12, 1923.)

### No. 3830.

Bankruptcy ⬤⟳184(1)—Absence of signature to jurat held to avoid mortgage.

Under Rem. & Bal. Code Wash. § 3660, as amended by Laws 1915, p. 277, providing that a chattel mortgage shall be void as against creditors and subsequent purchasers, unless accompanied by the affidavit of the mortgagor that it is made in good faith, and unless acknowledged and filed within 10 days, a mortgage duly signed and acknowledged before a notary public, and filed, and which bears the required affidavit signed by the mortgagor, but the jurat to which was not signed, though the notary's seal was affixed, *held* void as against the mortgagor's trustee in bankruptcy.

Gilbert, Circuit Judge, dissenting.

Petition for Revision of Order of and Appeal from the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

In the matter of George R. Jesse, bankrupt. Appeal and petition to revise by J. F. Herrick, trustee to review an order in favor of the First National Bank of Colville, Wash. Reversed.

Fabian B. Dodds, of Spokane, Wash., for petitioner and appellant.

L. B. Donley, of Colville, Wash., and Alex. M. Winston and F. D. Allen, both of Spokane, Wash., for respondent and appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. The bankrupt gave a chattel mortgage to a bank in Washington to secure the purchase price of certain automobiles. The mortgage was acknowledged before a notary public and filed with the proper recording officer. The instrument bore the usual form of affidavit of good faith, which was signed by the mortgagor, but the jurat to the affidavit was not signed by any one, although the notary public before whom the instrument was acknowledged affixed his official seal opposite the place where his signature should have been. The validity of the mortgage was questioned, and from a ruling sustaining the mortgage the trustee in bankruptcy took an appeal.

Section 3660, Remington & Ballinger's Code of Washington, as amended by Laws 1915, p. 277, provides that a mortgage of personal property is void as against creditors and subsequent purchasers, "unless it is accompanied by the affidavit of the mortgagor that it is made in good faith and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged and filed within 10 days from the time of the execution thereof in the office of the county auditor of the county in which the mortgaged property is situated as provided by law." Section 8299 provides that it is not necessary for a notary public, in certifying an oath to be used in any of the courts of Washing-

ton, to append an impression of his official seal, but in all other cases, when a notary shall sign any instrument officially, he shall, in addition to his name and the words "notary public," and his place of residence affix his official seal.

We agree with the learned District Judge that the instrument should be complete in itself, and that there could be no inquiry into extrinsic matters to determine its validity. Jennings v. Schwartz, 82 Wash. 209, 144 Pac. 39. But our conclusion is that because of the lack of the necessary affidavit of good faith the mortgage cannot be held valid against the trustee. The statute being specific in requiring an affidavit of good faith, its provisions, of course, must be complied with, and in our opinion a mortgage that fails to show that an oath was administered is lacking in an essential and important requisite, which cannot be dispensed with. A creditor examining the record would conclude that no oath had been administered to the parties, and could well say that, as the mortgage had no affidavit as required, it was void as against him. In Reynolds v. Fitzpatrick, 23 Mont. 52, 57 Pac. 452, the purported affidavit was signed by the parties to the chattel mortgage, but there appeared no signature of any officer to the jurat. The court held that under the statute (section 3861, Civ. Code Mont. 1907), which is very like section 3660, supra, the mortgage was wholly void as against creditors of the mortgagors. See also, 2 C. J. 360; Hill v. Gilman, 39 N. H. 88; Milburn Mfg. Co. v. Johnson, 9 Mont. 537, 24 Pac. 17; Garrard v. Hitsman, 16 N. J. Law, 124; Westerfield v. Bried, 26 N. J. Eq. 357.

It is said that, inasmuch as the mortgage appears to have been properly acknowledged before a notary whose signature appears, the execution of the instrument as a whole is sufficiently clear to enable the court to say that the statute has been substantially complied with. But the statute, by express provision, is that the mortgage shall be void as to creditors unless it is accompanied by the affidavit of good faith, and unless it is acknowledged and filed as specified. The two things are essential, and we cannot hold that either can be omitted. In Woods v. Young Lumber Co., 107 Wash. 432, 181 Pac. 865, cited by appellee, the jurat was signed by the notary before whom the acknowledgment was taken; but his official seal was not affixed, although it was affixed to the certificate of acknowledgment. The pivotal point was whether or not there was such an absence of an impression of the notary's official seal from his jurat certifying to the subscribing and swearing to the affidavit of good faith, as to render the certificate of no effect. The court took the view that the one impression of the notary's seal near his signature to the certificate of acknowledgment was sufficient to render the certificate to the jurat effective under the facts of the case. The distinction between that case and this is, however, that there the notary signed his name to the jurat as well as to the acknowledgment, and thus there appeared to be a completed affidavit, whereas, in the case before us there was no attempt, apparently, to swear the parties or to authenticate the document by one certificate. Holmes v. Crooks, 56 Neb. 466, 76 N. W. 1073.

The judgment of the District Court is reversed, and the matter is

remanded, with directions to enter an order declaring the mortgage void as against the trustee in bankruptcy.

Reversed.

GILBERT, Circuit Judge (dissenting). In addition to the reasoning on which the court below in its opinion reached the conclusion that the mortgage should be upheld, I submit the following considerations: It was stipulated between the parties that the notarial seal on the affidavit was affixed thereto by the notary who took the acknowledgment of the mortgage, and that on the trial undisputed oral testimony was admitted, over objection, that the mortgagor made oath to the affidavit, and that the mortgage was on a single sheet of paper with blank forms for the affidavit and the acknowledgment on the back thereof. Here was a chattel mortgage given in good faith to secure the money with which the chattels were purchased. It was executed and acknowledged by the mortgagor. The affidavit and the acknowledgment required by law were on forms printed on the back of the mortgage. The acknowledgment was in due form attested by the signature and seal of the notary. The affidavit was also in due form. It contained the signature of the mortgagor and a jurat and the notarial seal of the same notary who took the acknowledgment. All that was lacking was the signature of the notary to the jurat. That the mortgagor in fact made oath to the affidavit at the time when the instrument was executed is admitted to be true.

It is uniformly held that the affidavit to a chattel mortgage is sufficient, if it substantially complies with the statutory requirements. 5 R. C. L. 395.

"Where the affidavit is not in proper form, but is sufficient in substance, the deficiency may be supplied by extrinsic evidence, if no injustice will be done and the rights of those depending on the affidavit will not be seriously affected." 5 R. C. L. 396.

"The absence of a jurat to the affidavit is fatal. But the courts will not look at the jurat to an affidavit of this kind with the same strictness as if it were an affidavit to be used in a proceeding in court and governed by a rule of the court, because the object of the jurat is merely to evidence the fact that affiant took oath to his affidavit as required by law. Therefore little formality is required of it." 11 C. J. 487.

This liberal construction of statutory requirements as to affidavits to chattel mortgages was recognized in an early case in Washington (Vincent v. Snoqualmie Mill Co., 7 Wash. 566, 35 Pac. 396), where the affidavit was held good, notwithstanding that the good faith therein sworn to was stated in the past tense, instead of the present tense, and the notary failed to comply with the provision which required him to state "his place of residence," and in a later case (Woods v. Young Lumber Co., 107 Wash. 432, 181 Pac. 865), as pointed out by the court below, the liberal rule of construction was reaffirmed. Similar decisions are Ashley v. Wright, 19 Ohio St. 291; Mowat v. Clement, 3 Man. 585; Cox v. Stern, 170 Ill. 442, 48 N. E. 906, 62 Am. St. Rep. 385; and Whitehead v. Hamilton Rubber Co., 53 N. J. Eq. 454, 32 Atl. 377, a case in which the court held that an imperfection in the jurat which is required to be annexed to a chattel mortgage, does not

render it ineffectual as notice according to the provisions of the registration laws, where it is acknowledged, as deeds of real estate are required to be acknowledged, and recorded.

A similar rule of construction obtains as to affidavits in court proceedings. It is thus stated in 1 Enc. of Pl. & Pr. 317:

"Ordinarily the jurat must be authenticated by the signature of the officer before whom the affidavit is made but where it is proved extrinsically that it was really made, the affidavit will not be rendered fatally defective by the negligence of the officer in not attesting it."

In 2 C. J. 363, it is said:

"It is the better practice for the jurat to be authenticated by the signature of the officer before whom the affidavit is made, and many cases hold this to be indispensable to the validity of the instrument. But, where it is otherwise shown that affiant in fact swore to the affiadvit, the failure of the officer to affix his signature will usually not be allowed to vitiate the proceedings based thereon. Some cases hold that where the officer's signature is omitted it may be affixed nunc pro tunc."

In Sellers v. State, 162 Ala. 35, 50 South. 340, it was held sufficient if the name of the officer who took the affidavit were disclosed, either by the recitals in the body of the affidavit or by a signature to the jurat. In Hyde v. Adams, 80 Ala. 111, the omission of the officer to sign the jurat was held not to vitiate the proceedings, if in fact the affidavit was sworn to before the officer. Beach v. Averett, 106 Ga. 73, 31 S. E. 806, 71 Am. St. Rep. 239, is of similar import. In Borough of Pottsville v. Curry, 32 Pa. 443, the court said that the jurat "affords evidence that the oath was taken but it is not the only possible evidence," and held that it was permissible to prove by other evidence that the oath was made. In Finley v. West, 51 Mo. App. 569, it was held that the fact that the jurat to the affidavit to a mechanic's lien account was not signed by the officer through oversight, did not nullify the paper, and that the officer should be permitted to attach his signature upon proof that the affidavit was in fact properly sworn to. The same was held in Sage v. Stafford, 42 App. Div. 449, 59 N. Y. Supp. 545, and Farrow v. Hayes & Co., 51 Md. 498. Other cases sustaining the textwriter are Lederer v. Chicago, etc., Railway Co., 38 Wis. 244; State v. Cordes, 87 Wis. 373, 58 N. W. 771; Bantley v. Finney, 43 Neb. 794, 62 N. W. 213; Peterson v. Fowler, 76 Mich. 258, 43 N. W. 10; Kruse v. Wilson, 79 Ill. 233; Farmers' Bank v. Gettinger, 4 W. Va. 305; Capner v. Flemington Mining Co., 3 N. J. Eq. 467; Stout v. Folger, 34 Iowa, 71, 11 Am. Rep. 138.

The appellant cites Holmes v. Crooks, 56 Neb. 466, 76 N. W. 1073, and Clark v. Wilson, 127 Ill. 449, 19 N. E. 860, 11 Am. St. Rep. 143. In the first of those cases, the court, on a motion to confirm a foreclosure sale, held, that there was a fatal defect in the foreclosure proceedings, in that the affidavit of publication of summons, although it was attested by a notarial seal was not evidenced by the signature of the notary. There was no offer to amend the jurat or to prove that the affidavit was in fact sworn to before the notary. The authority of that court to entertain a motion thus to amend or authenticate the affidavit had been sustained in Bantley v. Finney, 43 Neb. 794, 62 N. W.

213, where it was held that the fact that the affidavit was sworn to might be proved by extrinsic testimony. Clark v. Wilson was a case in which the record of a deed was offered in evidence to show title in the grantee. The notarial seal was attached to the certificate of acknowledgment of the deed, but the notary had not signed it. The court held that the copy of the deed was not admissible in evidence, a statute having provided that the officer taking the acknowledgment should subscribe his name to the certificate. If the case had been one in which the original deed had been offered in evidence together with the proof that the acknowledgment was actually taken before the officer who attached the notarial seal, it would be pertinent to the present inquiry. As it was, it is not in point.

In the present case it is not suggested, and it is not conceivable, that the defect in the affidavit was such as to mislead any creditor of the mortgagor. Every consideration of justice leads to the affirmance of the judgment.