## In re JETTNER.

District Court, D. Indiana, South Bend Division.
February 3, 1928.

No. 136.

1. Bankruptcy ⏛184(1)—In determining validity of chattel mortgage, bankruptcy court follows settled law of state where transaction occurred.

In determining validity of chattel mortgage in bankruptcy proceedings, court follows settled law of state in which transaction occurred.

2. Bankruptcy ⏛184(1)—Chattel mortgage, void as to creditors under law of state, held void as against trustee of mortgagor (Burns' Ann. St. Ind. 1926, § 8065; Bankr. Act, § 67a [11 USCA § 107]).

Under Burns' Ann. St. Ind. 1926, § 8065, which makes void as against creditors a chattel mortgage where the mortgagor is permitted to retain possession and sell from the mortgaged property without accounting for the proceeds, such mortgage is void as against the trustee in bankruptcy of mortgagor under Bankruptcy Act, § 67a (11 USCA § 107).

In Bankruptcy. In the matter of Clarence B. Jettner, bankrupt. On review of order of referee. Affirmed.

Harry B. Tuthill, of Michigan City, Ind., for mortgagee.

Robert Moore, of Michigan City, Ind., and Floyd O. Jellison, of South Bend, Ind., for trustee.

SLICK, District Judge. This is a petition for review of an order made by Hon. Alvin F. Marsh, referee. The facts found by the referee are briefly as follows:

Bankrupt borrowed of the Farmers' State Bank of New Carlisle sums aggregating $2,219, and Charles D. White was surety on the note at the bank. For this service, which White rendered as surety, bankrupt executed to White a chattel mortgage on his ,entire stock of new Ford parts and accessories, office furniture, fixtures, and shop equipment. The mortgage was duly recorded accordng to law, and within four months preceding the bank-ruptcy action. The mortgage provided that the bankrupt should retain possession and have the use of all of the property mortgaged until the note secured became due, and then provided that, in the event the note was not paid when due, the mortgagee would have the right to take possession of the property. The mortgagor agreed in the mortgage not to remove the property mortgaged from the place where it was located, nor to sell, assign, or lease the same without the consent of the mortgagee.

The referee further finds that the mortgagor continued in possession of the property and continued to sell the same with the knowledge and consent of the mortgagee, and that he spent a part of the proceeds from such sales for divers purposes and did not apply the same to the payment of said note. It is specifically found that the mortgagee had knowledge of certain expenditures made by the bankrupt, and that the mortgage constituted a secret trust, and for that reason was held by the referee void as to general creditors. Referee disallowed the mortgage as a preferred claim, and allowed it as a general claim.

There is no finding by the referee that the mortgagor was insolvent at the time the mortgage was given.

Hon. Harry B. Tuthill, appearing for mortgagee, urges that, inasmuch as the referee has not found that the mortgagor was insolvent at the time the mortgage was executed, it does not come within the provisions of the Bankruptcy Law—citing section 107 (e), 11 USCA. That part of section 107 (e) relied upon, reads as follows:

"All conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the state, territory, or district in which such property is situate, shall be deemed null and void under the provisions of this title against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt."

It is the law that whether and to what extent a mortgage of this nature is valid or invalid is a question to be determined by examining the decisions of the courts of the state in which said mortgage was executed and recorded. Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577.

[1] And in determining the validity of a chattel mortgage in bankruptcy proceedings, the federal courts follow the settled law of the state in which the transaction occurred. Scandinavian-American Bank v. Sabin (C. C. A.) 227 F. 579; Grimes v. Clark (C. C. A.) 234 F. 604; Herrick v. First National Bank of Colville, Wash. (C. C. A.) 286 F. 305.

The case of Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577, supra, was a case quite similar to the instant case. There a chattel mortgage was given to a surety on a note, and the note had not been paid when the bankruptcy proceedings were begun.

[2] Under the Indiana decisions the facts found by the referee and not disputed by the parties, to wit, that the mortgagor, with knowledge of mortgagee, sold indiscriminately from the mortgaged property and did not apply the proceeds therefrom to the payment of the note, constituted a secret trust and vitiates the mortgage. Vermillion v. First National Bank of Greencastle, 59 Ind. App. 35; s. c., 105 N. E. 530, 108 N. E. 370; General Highways System, Inc., v. Thompson et al. (Ind. App.) 155 N. E. 262.

Counsel for mortgagee urges that the trustee merely succeeds to the title of the bankrupt and has no stronger rights than the bankrupt. This, under the former bankruptcy statute, was the law.

I do not conceive this to be the law under the present amended Bankruptcy Act, which provides:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate." 11 USCA § 107 (a).

The same section will be found in the Code of the Laws of the United States of America in force December 6, 1926, p. 255, being section 107.

The statutes of Indiana (Burns' Ann. St. 1926, § 8065) provide as follows:

"All deeds of gift, conveyances, transfers or assignments, verbal or written, of goods or things in action, made in trust for the use of the person making the same, shall be void as against creditors, existing or subsequent, of such person."

This ,statute has been held to apply to chattel mortgages.

Under these imperative statutes and decisions, the referee was compelled to hold the mortgage in question void as to creditors, leaving the claim on the same basis as other general claims.

The decision of the referee is therefore sustained.