Beck, J.
The plaintiff is a resident of the State of Pennsylvania and the owner of certain lands in Wash *445 ington county. W. H. Jenkins & Co. instituted an action by attachment to recover $12.50 due them upon an account against plaintiff, for money advanced in the payment of taxes upon his lands in Washington county. Forty acres of land near the town of Washington were attached, and service of notice was made upon plaintiff in Pennsylvania. A judgment for $12.50 was rendered against plaintiff, and an execution was levied upon the land attached to satisfy the judgment, and costs amounting to $8.95. The land was appraised at $800 and was sold for $535 — more than two-thirds of its appraised value — to L. F. Sherman. After satisfying the judgment and costs and accruing costs, amounting in the aggregate to $40, the balance of the money received by the sheriff was paid to the clerk upon the return of the execution. Sherman was the agent or attorney of plaintiff in the attachment suit, and instituted the proceedings for the collection of their claim. The appellants claim title to the land under his purchase as his heirs.
1. Attachment: jurat. I. The plaintiff claims that the proceeding in attachment is void, because the court did not acquire jurisdiction of his person, no notice having been served upon him, anc] the petition for the writ of attachment never having been sworn to, as it is claimed. In our opinion these objections are not sustained by the record. We think the facts of service of the notice, and that the petition was sworn to, are sufficiently shown by the evidence. The record discloses the fact of service, and the evidence, instead of impeaching, sustains it upon this point. The jurat to the affidavit for the attachment is not signed by the officer administering the oath, but it is sufficiently shown that it was, in fact, sworn to.
2. jhdxciax, sive íéyy. II. The next question presented for our consideration relates to the validity of the sale of the land in question, by the sheriff. While it is apparent that plaintiff relies principally upon the invalidity *446 of tbe judgment to defeat defendant’s claim of title to the land, objection is made to tbe sale in tbe petition, and tbe prayer for relief is sufficient to authorize the setting aside of the sale, if it be proved fraudulent or inequitable as to plaintiff’s rights.
Property of the value of $800 was levied upon in satisfaction of a. judgment for $21, and was -sold for $535 to discharge that judgment, and the further sum of less than $20 accruing costs. The 'debt and costs were paid from the proceeds of the sale, and near $500 overplus were paid into the clerk’s office, by the sheriff, upon the return of the execution. Here, beyond question, was an excessive levy. It was a fraud, in iact, upon defendant. .The sheriff and plaintiffs in the attachment proceeding could not have been ignorant that the levy was excessive, for the land was .appraised by the sworn appraisers at $800. It was a direct violation of a statutory provision requiring the officer to levy upon property in such quantities as will be likely to realize the exact amount of the execution and costs. Rev. § 3268. We know of no principle of equity that will sustain proceedings which work such gross injustice and oppression, except in cases where innocent parties claim rights under them. It cannot be claimed that the levy was justified, because the property had been previously attached. The levy of the attachment was, equally with the execution, excessive and. unconscionable, and contrary .to the express direction of the statute. The sheriff is required to levy the attachment as nearly as the circumstances of the case will permit, upon property, fifty per centum greater in value than the amount claimed to be due, and sworn to by the plaintiff. Neither can it be claimed that, because the real estate attached was not taken possession of' by the sheriff under the writs, the defendant in the proceeding was not injured. These levies did result in injury to the defendant, because they led to the sale of an undue amount of property.
*447 It is argued by defendants that the sheriff was authorized to sell all of the land in question if no less quantity was bid for at the sale; that, if parts of the land had been offered and there were no bidders therefor, he was justified in selling the whole tract; that, if such was his duty, we must, presuming he discharged it, conclude the land was offered and sold in that manner. But the conclusion is not warranted, as the presumption upon which it is based cannot be exercised. It cannot be presumed that the proceeding upon the execution beginning in the violation of law and duty, and resulting in injustice and oppression, was made valid by obedience to the law in its intermediate steps. Where such just ground exists of suspecting the irregularity of the manner of the sale, it rests with those supporting it to establish compliance with the law.
It will be remembered that L. F. Sherman, to whom the land was sold, was an agent or attorney of the plaintiffs in the attachment proceeding. He was, therefore, not an innocent party. Has heirs, who are appellants herein, occupy his place, and are chargeable as though they had full notice of all the illegalities of the proceeding.
The decree of the district court is
Affirmed.