38  488
42  453
38 · 488
f52  343

LEWELON E. LINDERMAN, and EDMUND L. BAYLIES, as Trustee under the Will of HERMAN C. LE ROY, Deceased, Appellants, *v.* HASTINGS CARD AND PAPER COMPANY, Defendant, and JOHN W. AXFORD, Respondent.

*Assignment by a corporation for the benefit of creditors — not invalid because of a defective certificate of acknowledgment where the instrument was in fact acknowledged — an assignment to a director is not repugnant to section 48 of the Stock Corporation Law — assignments without preferences favored.*

A general assignment for the benefit of creditors, executed under chapter 466 of the Laws of 1877, is not rendered invalid because the certificate of acknowledgment does not show a proper acknowledgment by the assignor, where it is proved that the instrument was in fact duly acknowledged, as required by law.

*Semble,* that a general assignment for the benefit of creditors, executed by a corporation to a director or stockholder thereof, is not repugnant to section 48 of the Stock Corporation Law (Laws of 1890, chap. 564, as amd. by Laws of 1892, chap. 688) prohibiting transfers of the property of a corporation to a director or stockholder thereof in contemplation of its insolvency; the transfer contemplated by that statute is one which is for the benefit of the director or stockholder, and operates in the nature of a preference.

Assignments for the benefit of creditors, without preferences, are favored in law.

APPEAL by the plaintiffs, Lewelon E. Linderman, and Edmund L. Baylies, as trustee under the will of Herman C. Le Roy, deceased, from a final judgment of the Supreme Court in favor of the defendant John W. Axford, entered in the office of the clerk of the county of New York on the 12th day of July, 1898, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint upon the merits.

This appeal was transferred from the first department to the second department.

*Edmund L. Baylies* [ *Walter F. Taylor* with him on the brief], for the appellants.

*Ralph S. Rounds,* for the respondent Axford.

PER CURIAM:

We think this case was properly disposed of at the Special Term upon the grounds set forth in the two opinions of Mr. Justice WALTER LLOYD SMITH. We concur in his conclusions that the general

assignment made to the respondent Axford for the benefit of the creditors of the corporation, was not in contravention of the provisions of section 48 of the Stock Corporation Law (Laws of 1890, chap. 564, as amd. by Laws of 1892, chap. 688), or invalidated by reason of lacking a proper certificate of acknowledgment, so long as the proof showed that it was, in fact, duly acknowledged as required by law. We deem it unnecessary to add anything to what he has said, except one observation in regard to the decision in *Rogers* v. *Pell* (154 N. Y. 518, 531), as applicable to the second branch of the case. It seems to us that, while there is much in the opinion to the effect that an insufficient certificate of acknowledgment is fatal to the validity of a general assignment, the decision actually made by the Court of Appeals was that an assignment may be upheld, notwithstanding the insufficiency of such a certificate on its face by proof *aliunde* that the instrument was duly acknowledged.

Judgment unanimously affirmed, with costs.

The following is the opinion of SMITH, J., upon the dismissal of the complaint at Special Term:

SMITH, J.:

This case presents many novel legal problems which are not of easy solution. A general assignment made by a corporation to the defendant Axford for the benefit of all the creditors of the corporation is assailed upon two grounds : *First*, as being in contravention of section 48 of the Stock Corporation Law (Laws of 1890, chap. 564 as amd. by Laws of 1892, chap. 688) prohibiting transfers to a director, directly or indirectly, for the payment of any debt, etc., after the corporation has refused to pay any note or obligation when due. *Second*, as not having been properly executed. If the assignment should be held invalid for either of the reasons stated, other questions are presented as to the rights of the plaintiff, which it will not be necessary to discuss by reason of the conclusion reached upon the questions first presented.

*First*. This assignment was not repugnant to section 48 of the Stock Corporation Law. The assignee was neither a director nor a stockholder at the time of the assignment. If he had been, and had not

resigned, the assignment would still be valid, because it is not such a transfer as is intended to be prohibited by the statute. This is evident from the whole context of the statute. The vice aimed at is evidently a transfer for the benefit of the director or stockholder. The trust here contemplated is one guarded by statutory regulations, which can as well, if not better, be executed by one with knowledge of the affairs of the corporation such as a director would have. The transfer prohibited, evidently, is one for the payment of a debt operating in the nature of a preference. The subsequent clauses of the section compelling the transferee to account therefor to the creditors or stockholders or other trustees of the corporation points the transfer intended to be prohibited as one beneficial to the transferees, and indicates the purposes of the enactment. *Second*, was the assignment of the property properly executed? Section 2, chapter 466, of the Laws of 1877, provides for a general assignment, and requires, among other things, that it shall be in writing, and duly acknowledged before an officer authorized to take acknowledgments of deeds. The certificate of acknowledgment of the officer does not show a proper acknowledgment on behalf of the assignor. The plaintiff claims that, by reason of such defect, the assignment is rendered void. It is unnecessary to cite authorities to the proposition that these assignments, without preferences, are favored in law. That the certificate is materially defective I have little doubt. If a proper certificate by the notary of the acknowledgment be a prerequisite to the passing of title under the assignment, the plaintiff's contention must prevail and the assignment be declared void. But the statute requires only that the assignment shall be acknowledged by the assignor. In the American and English Encyclopædia of Law (Vol. 1, p. 4) an acknowledgment is defined to be "the act of one who has executed a deed in going before some competent officer or court and declaring it to be his act or deed." That the assignor did all that was by him required is shown both by the subsequent certificate of the notary and by the evidence upon the trial. The notary has improperly certified an act which was properly done. Is his certificate any part of the acknowledgment required by the statute? The act of 1877, under which this assignment was made, is a substitute for chapter 348 of the Laws of 1860, section 1. And that section reads as follows : " Every conveyance or assignment made by a debtor or

debtors * * * for the creditors of such debtor or debtors shall be in writing and shall be duly acknowledged before an officer authorized to take acknowledgment of deeds, *and the certificate of such acknowledgment shall be duly indorsed upon such conveyance or assignment before the delivery thereof to the assignee or assignees therein named.*" It is a significant fact that in the statute of 1877 the part of the statute of 1860, which is italicized above, is omitted. The natural, and, I would almost say, the irresistible inference to be drawn from that fact is that the Legislature intended to make the acknowledgment the necessary prerequisite, and not the certification of that acknowledgment. This seems to be the view of the statute taken by a very distinguished justice in the case of *Rogers* v. *Pell* (89 Hun, 161). In that case Justice BROWN, in speaking of this statute, says: " The statute of this State does not require the certificate of acknowledgment to appear upon the assignment; all that is required is that it be acknowledged." If, then, this assignment has been properly acknowledged, this action must of necessity fail. If the indorsement of the certificate by the notary be not a necessary part of the assignment, and if it be not a necessary prerequisite to the vesting of title in the assignee, a proper certificate may be made at any time before the trial, and, without a corrected certificate even, proof may be made upon the trial that the proper acknowledgment was made. Because the certificate of acknowledgment upon the assignment was incorrect, and, if true, invalidated the assignment, the plaintiff has good reason for commencing this action. The complaint must, therefore, be dismissed, without costs to either party.

The following opinion was written upon a reargument of the case at Special Term:

SMITH, J.:

For the purposes of this trial at Special Term, I deem the law of the case to have been established by the opinion of Justice BEEKMAN, written upon the decision of the demurrer. Within that decision the action can be maintained only as an action of sequestration. The assets of the corporation are now being distributed by the agent of the corporation with security, under legal supervision, in exactly the same manner as if distributed under direction of the court

through its receiver. No reason appears in the evidence why the plaintiff will not be fully protected in such distribution, or that he has any need of the equitable interposition of this court. This case was first decided upon the ground that while an acknowledgment was necessary to pass title, the presence of a certificate of acknowledgment was not a prerequisite. This was based in part upon the authority of *Rogers* v. *Pell* in the second department. Since the decision was announced, however, that case has been reversed by the Court of Appeals. This motion for a reargument is made upon the declaration of the law contained in that decision. All that is there decided is that a certificate of acknowledgment defective in form, in that from the recited venue of the instrument it appeared to have been executed without the jurisdiction of the officer who executed it, may be sustained by proof of the fact that the instrument was executed within the proper jurisdiction. The opinion assumes that the venue is an essential part of the certificate. Inasmuch as the proof shows that the acknowledgment in the case at bar was properly made, though improperly certified, the decision would seem to be an authority for the conclusion first reached herein, holding valid the assignment. If the opinion contains propositions of law inconsistent with the decision actually made, it must in such respect be disregarded. Without attempting to reconcile the apparent conflict, I am unable to see such a substantial difference in the correction of the certificate of acknowledgment there allowed to be made, and the correction here asked to have allowed, as to take this case out of the authority of that decision. This conclusion, too, is in harmony with the general policy of the law, not to charge a party with the mistake of a public officer, especially where the rights of *bona fide* holders are not involved. Defendant may, therefore, present a decision in accordance with the conclusion heretofore indicated.