(42 App. Div. 449.)

### SAGE v. STAFFORD et al.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1899.)

MECHANIC'S LIEN—AFFIDAVIT—OMISSION OF OFFICER'S NAME — REFILING—
BANKRUPTCY.

    On October 4, 1898, at 9:10 o'clock a. m., plaintiff filed in the county clerk's office a notice of mechanic's lien regular in every respect except that the verification was not certified to by the officer who administered the oath. On discovery of the omission, the officer, at 2:35 o'clock p. m., with permission of the clerk, subscribed his name as commissioner of deeds to the verification, and the clerk stamped the notice, "Refiled at 2:35 o'clock, October 4th, 1898." On October 4, 1898, at 10:45 o'clock a. m., defendant filed a petition in bankruptcy. *Held*, that the notice of lien was valid, and took effect from the time of its filing with the clerk at 9:10 o'clock a. m.

Appeal from special term, Monroe county.

Action by Jessie Sage against Nelson A. Stafford and others. From a judgment entered in Monroe county court on the 1st day of February, 1899, after a trial and decision in that court in an action brought to enforce mechanics' liens against property described in the respective notices of liens which was the property of David L. Tait at the time the notices were filed, defendant Stafford appealed. Reversed.

In proceedings in bankruptcy George Anderson was appointed trustee of the property of the defendant David L. Tait. In the judgment it is adjudged as follows: "That the lien of the defendant Nelson A. Stafford was filed subsequent to the filing of the petition of said David L. Tait in bankruptcy, and the lien of said defendant Nelson A. Stafford is subject to all of the rights of the defendant George Anderson, as trustee of the property of the defendant David L. Tait." Appellant Stafford filed exceptions to the findings of fact and of law of the trial court. The record contains the following: "The facts in this case, so far as necessary for the determination of the questions raised by this appeal, are stipulated and conceded to be as follows: That on the 21st day of July, 1898, there was due and owing the defendants Otis & Moody the sum of $494.02 for materials furnished the defendant Tait for the improvement in question, for which amount, on the 4th of October, 1898, at 10:29 o'clock in the forenoon, Otis & Moody duly filed a notice of mechanic's lien in the Monroe county clerk's office against the premises described in the complaint. That on the 27th day of August, 1898, there was due and owing the plaintiff, Jessie Sage, the sum of $85.57 for materials furnished the defendant Tait for the improvement in question, for which amount, on the 4th day of October, 1898, at 10:43 o'clock in the forenoon, plaintiff duly filed a notice of mechanic's lien in the Monroe county clerk's office against the premises described in the complaint. That on the 15th day of August, 1898, there was due and owing the defendant Nelson A. Stafford from the defendant David L. Tait the sum of $96.75 for the mason work performed by him as a contractor with said Tait upon the improvement in question, for which amount, on the 4th day of October, 1898, at 9:10 o'clock in the forenoon, the defendant Stafford filed in the Monroe county clerk's office a paper purporting to be a notice of mechanic's lien, which was in due form, and regular in every respect, except that the affidavit of verification was not certified to by the officer who administered the oath, and the jurat thereto was not signed by any officer or person whatever. That said defendant had actually sworn to the affidavit of verification before Howard W. Sneck, a commissioner of deeds of the city of Rochester, New York, before said lien was so filed. That on the afternoon of the same day said Sneck discovered the omission, and, with the permission of the clerk, subscribed his name as commissioner of deeds to the affidavit of verification, and the county clerk at the same time stamped said notice 'Refiled at

2:35 o'clock, October 4th, 1898,' and certified in writing on the back of the lien that it was filed at 9:10 o'clock October 4, 1898, with the omission of the words 'Howard W. Sneck, Commissioner of Deeds,' which omission was supplied by said Sneck at 2:39 o'clock on the same day. That on the 4th day of October, 1898, at 10:45 o'clock in the forenoon, the defendant David L. Tait filed his petition in bankruptcy in the United States district court in Buffalo, and was thereafter duly adjudged a bankrupt, and that defendant George A. Anderson was duly appointed his trustee."

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

Howard W. Sneck, for appellant.

Drake & Milliman, for respondents Otis & Moody.

Warren & Gano, for respondents Sage and Anderson.

HARDIN, P. J. The lien law in force at the time the question arose involved in this case is found in chapter 418 of the laws of 1897 (Sess. Laws 1897, p. 514). Appellant, having performed labor for Tait, was entitled, pursuant to section 3 of the act referred to, to have a lien for the price of such labor or materials upon the real property of the said Tait "from the time of filing notice of such lien as prescribed." Section 9 prescribed the contents of a notice of lien, and no question is made but what the appellant's notice complied with the requirements of that section in its enumeration of the particulars required therein. Near the close of that section the following language is found: "The notice must be verified by the lienor or his agent, to the effect that the statements therein contained are true to his own knowledge," etc. It is conceded that the appellant, on the 4th day of October, 1898, at 9:10 o'clock in the forenoon, having had a notice of lien prepared, and an affidavit subjoined thereto, properly entitled, appeared before a commissioner of deeds duly authorized to take affidavits, duly verified the same before the said commissioner, and thereupon caused the same to be filed in the Monroe county clerk's office as notice of his lien; and it is conceded that it "was in due form, and regular in every respect, except that the affidavit of verification was not certified to by the officer who administered the oath, and the jurat thereto was not signed by any officer or person whatever." It is conceded in the case "that said defendant had actually sworn to the affidavit of verification before Howard W. Sneck, a commissioner of deeds of the city of Rochester, New York, before said lien was so filed." The notice, however, had subjoined to it the affidavit required by statute, and that affidavit had been, in fact, verified, and the appellant was thus entitled to file the notice with the clerk, according to the literal language of the statute. The statute does provide that "the notice must be verified by the lienor," but it does not, in terms, prescribe that the verification shall be certified to and delivered at the same time the notice is filed with the county clerk. Rogers v. Pell, 89 Hun, 159, 35 N. Y. Supp. 17. We are commanded by section 22 of the lien law to give a liberal construction to its provisions. That section provides as follows: "This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien,

and to give jurisdiction to the courts to enforce the same." Ringle v. Iron Works, 149 N. Y. 439, 44 N. E. 175. When the notice was filed on the 4th of October at 9:10 a. m., it had been verified, and we think it was valid, and that the court had jurisdiction to enforce the same from the time of filing the same. It appears by the admissions made at the trial:

"That on the afternoon of the same day said Sneck discovered the omission, and, with the permission of the clerk, subscribed his name as commissioner of deeds to the affidavit of verification, and the county clerk at the same time stamped said notice, 'Refiled at 2:35 o'clock October 4th, 1898,' and certified in writing on the back of the lien that it was filed at 9:10 o'clock October 4, 1898, with the omission of the words, 'Howard W. Sneck, Commissioner of Deeds,' which omission was supplied by said Sneck at 2:39 o'clock on the same day."

We think the fact that the commissioner subscribed his name to the notice on the afternoon of the 4th of October did not invalidate the notice or the proceedings had in the forenoon, nor should those facts be regarded as a waiver of the notice, as it was verified in the early part of the day, and filed with the clerk. It has frequently been said that it is not the policy of the law to charge a party with the mistake of a public officer, especially where the rights of bona fide holders are not involved. Linderman v. Paper Co., 38 App. Div. 492, 56 N. Y. Supp. 456.

In Jackman v. Gloucester, 143 Mass. 380, 9 N. E. 740, it was said:

"Affidavits lawfully taken by a person authorized to take them are not to be treated as unsworn statements because the magistrate has not added the name of his office."

In 1 Enc. Pl. & Prac. 317, it is said:

"Ordinarily, the jurat must be authenticated by the signature of the officer before whom the affidavit is made, but where it is proved extrinsically that it was really made the affidavit will not be rendered fatally defective by the negligence of the officer in not attesting it." Borough of Pottsville v. Curry, 32 Pa. St. 443.

In Kruse v. Wilson, 79 Ill. 233, it was said:

"The mere omission of a clerk to put his name to an act which was done through him as an instrument should not prejudice an innocent party who has done all he was required to do. The clerk's omission to write his name where it should have been written was not the fault or neglect of the affiant. He signed and swore to the affidavit."

It was competent to show that the notice was accompanied with an affidavit, which was duly verified before it was filed with the clerk in the forenoon. People v. Rensselaer Common Pleas, 6 Wend. 543; Hunter v. LeConte, 6 Cow. 731.

In Buckland v. Goit, 23 Kan. 327, it was held, viz.:

"An affidavit sufficient in all other respects will not be rendered fatally defective because the clerk before whom it was made failed for a few days to annex the jurat."

In White v. Casey, 25 Tex. 552, the court says:

"The affidavit was regular, except that the officer did not sign his name. If the objection had been in justice's court, it might have been amended; it might have been shown that it was a mere clerical omission, and the officer might have been called, and permitted to subscribe his name to the affidavit nunc pro tunc."

A similar doctrine was laid down in Cook v. Jenkins, 30 Iowa, 452; Wiley v. Bennett, 9 Baxt. 581, and Bank v. Gettinger, 4 W. Va. 305. We think Furniture Co. v. Squier, 2 Misc. Rep. 438, 21 N. Y. Supp. 972, differs quite essentially from the case before us. In that case the verification was before a commissioner residing outside of the state of New York, and there was no certificate of the secretary of state that the person taking the verification was a commissioner of the state of New York. That verification was not accompanied by the certificate required by section 844 of the Code, and the absence of that certificate "makes the affidavit a nullity." If the county clerk complied with the provisions of section 10 of the lien law, he immediately entered the particulars of the appellant's notice in the lien docket, and the date, hour, and minute of the filing of the notice, and it is a fair presumption that he did discharge his duty, then the lien docket indicated the notice of the appellant to all parties subsequently applying for an inspection of it, and there are no circumstances tending to indicate that either of the other parties to the action was misled by the omission of the commissioner of deeds to place upon the affidavit his name and title of office until in the afternoon of the 4th of October. We think the appellant's notice should be held valid, and that the same took effect from the time of its filing with the clerk, to wit, on the 4th of October, 1898, at 9:10 o'clock in the forenoon. The foregoing views lead to the conclusion that the court fell into an error to the injury of the appellant. We think that the judgment should be reversed, and the county court directed to render judgment in accordance with the views herein expressed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.