In the Matter of the Application of JAMES PASSERO & SONS, INC., and Others for an Order Summarily Vacating, Canceling and Discharging of Record Two Alleged Notices of Lien.

Supreme Court, Onondaga County, March 17, 1931.

*Bond, Schoeneck & King* [*Robert E. Dineen* of counsel], for principal contractor, James Passero & Sons, Inc.

*Costello, Cooney & Fearon* [*George R. Fearon* of counsel], for the subcontractor, Eagle Paving Company, Inc.

LEWIS (EDMUND H.), J. Eagle Paving Company, Inc., a subcontractor on a public improvement, has filed two notices of lien

upon money due from the city of Syracuse to its principal contractor, James Passero & Sons, Inc. These liens have been bonded. The principal contractor and his sureties now move to vacate the two notices of lien upon the ground that they were not verified as required by section 12 of the Lien Law (as amd. by Laws of 1916, chap. 507).

Simultaneously the lienor, Eagle Paving Company, Inc., moves to amend the two notices of lien *nunc pro tunc* to show that said notices were in fact verified.

The statute in question (Lien Law, § 12) provides in part as follows: " The notice must be verified by the lienor or his agent, to the effect that the statements therein contained are true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true."

The lienors admit that no written evidence of verification appears upon either notice of lien. Instead there appears at the foot of each notice a corporation acknowledgment.

In support of the motion by the lienor to amend the notices *nunc pro tunc* it appears that in the case of each lien an officer of the lienor corporation read each notice and in answer to his attorney's question stated that the facts set forth therein were personally known to him to be true. After such statement the corporation's officer was asked if he would swear to the facts set forth in the notice of lien. He answered in the affirmative and forthwith did so before a notary public. Thereupon, instead of signing the usual form of verification as written evidence that such officer had sworn to the contents of the notice, the notary public signed a form for a corporation acknowledgment at the foot of the notice.

It, therefore, appears that an officer of the lienor corporation did in fact verify or give his oath before a notary public that the statements contained in said notices of lien were true to his own knowledge. The fault lies in the mistake of the notary public — the officer afforded by law before whom the verification was taken.

The record before the court upon this motion also establishes the fact that the principal contractor, Passero Bros. & Son, Inc., which now moves to vacate the notices of lien, had knowledge of the defect upon which this motion is based, immediately after the notices of lien were served upon its officers. Instead of applying at once for an order vacating the liens, it chose to and did await the lapsing of the statutory period within which corrected liens could be filed. It follows that the principal contractor has neither been misled nor prejudiced by the alleged defect upon which it

seeks to vacate the liens in question.   In fact it is apparent that it sensed the error before the lienor and accordingly chose the most effective time to defeat the liens by reason of the defect.   That is not equity.

"In testing a result by standards of common sense and justice we may look beyond all fictions to the facts behind them." (*Russian Reinsurance Co.* v. *Stoddard*, 240 N. Y. 149, 164.)   This court "gives or withholds" its relief "according to its discretion in view of the circumstances of the case and the plaintiff's prayer for relief is not answered, where, under those circumstances, the relief he seeks would be inequitable." (*Bull* v. *Burton*, 227 N. Y. 101, 112.)

In support of this conclusion reference is made to the opinion in *Sage* v. *Stafford* (42 App. Div. 449, 453).   The facts in that case are strikingly parallel to those in the case at bar.   Under chapter 418 of the Laws of 1897, comprising the Lien Law in effect at that time, it was provided, as in the case at bar, that "The notice [of lien] must be verified by the lienor or his agent." (§ 9, subd. 7.)   The lienor appeared before a commissioner of deeds, subscribed his name to the affidavit and verified the same before said commissioner.   The notice of lien was thereafter filed in Monroe county clerk's office.   Later it was discovered that the affidavit of verification had not been signed by the commissioner of deeds who administered the oath.   In fact the jurat had not been signed by any officer or person whatever. Presiding Justice HARDIN, writing for the Appellate Division, Fourth Department (unanimous), states: "We think the fact that the commissioner subscribed his name to the notice on the afternoon of the fourth of October did not invalidate the notice or the proceedings had in the forenoon; nor should those facts be regarded as a waiver of the notice, as it was verified in the early part of the day and filed with the clerk.

"It has frequently been said that it is not the policy of the law to charge a party with the mistake of a public officer, especially where the rights of *bona fide* holders are not involved. (*Linderman* v. *Hastings Card & Paper Co.*, 38 App. Div. 492.) "

In other jurisdictions a similar rule has been expressed: "Affidavits and depositions lawfully taken by a person authorized, to take them, are not to be treated as unsworn statements because the magistrate has not added to the certificate signed by him the name of his office." (*Jackman* v. *Gloucester*, 143 Mass. 380.)

In *Borough of Pottsville* v. *Curry* (32 Penn. St. 443) the Supreme Court of Pennsylvania, reviewing a similar question, stated: "A party is not to lose his right to trial by jury through the mistake or omission of the officer of the law.   Here, the oath required by the Act of Assembly had been actually made, and had been

reduced to writing. The attestation by the prothonotary only was omitted. The appellant had done all that the law required, to obtain the appeal, and could not be affected by the failure of the prothonotary to discharge his duty. It may be true, that the record is not complete, yet it does not negative the fact that the appellant made the oath required by the Act of Assembly."

The principal contractor in support of its motion to vacate the notices of lien invokes the rule established in *Schenectady Contracting Co.* v. *Schenectady Ry. Co.* (106 App. Div. 336). In that case the court vacated a lien where the lienor had attached a certificate of acknowledgment instead of the required verification. However, the question there arose upon a demurrer to the complaint and it is important to note that there was a total absence of showing that the lienor had in fact verified the notice. The principal basis upon which the decision of the motion at bar is made, viz., that the mistake was not by the lienor but by the notary, is lacking in the case last cited above.

A number of cases have been cited in support of the motion to vacate the notices of lien in question which cases hold that the effectiveness of such a notice must depend upon its precise terms which are governed by statute. While I recognize the rule so established, there must be instances — of which I conclude this motion is one — when the court will give heed to the legislative mandate contained in section 23 of the Lien Law (re-enacted without change in Laws of 1929, chap. 515): " This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same."

I have concluded, upon the record before the court upon these motions, to deny the principal contractor's motion to vacate the notices of lien in question and to grant the subcontractor's application for an order amending *nunc pro tunc* the notices of lien by striking out the corporate acknowledgment appearing at the foot of each notice and inserting in place thereof written evidence of the verification by the officer of the lienor which was in fact taken by the notary public.

Ordered accordingly, without costs.