KURT BARTHELMUES, Plaintiff, *v.* COLIN C. IVES, Defendant.

City Court of New Rochelle, December 15, 1948.

*Seacord, Ritchie & Young* for plaintiff.

*Handelman & Ives* for defendant.

RUBIN, J. In this action brought against a defendant husband for alleged necessaries furnished his wife, the plaintiff has entered judgment by default. The defendant moves to vacate the judgment claiming that an answer properly verified was served in due time. A purported verified answer was served in due time, but was returned by the attorneys for the plaintiff to the attorneys for the defendant with notice "that the plaintiff elects to treat your answer herein, which is hereto annexed, as a nullity on the ground that it is not verified."

The plaintiff opposes the motion, contending that its notice of rejection was proper in form and timely and justified and further urges that if this be so, then the motion to open the default is addressed to the court's discretion and is ineffective for want of a proposed pleading or an affidavit of merits.

The fact is that an answer was signed by the defendant and a notary undertook to sign what was intended to be a verification, but his signature was placed so out of contact with the signature as to make it appear that the answer is improperly verified.

Unquestionably, had the defendant been sufficiently scrupulous in examining his papers before service, this situation of a default judgment and a motion to open would not have arisen. The plaintiff was entitled to an answer properly verified. The attempted verification is clearly irregular. However, when the plaintiff determined to be so insistent on correctness of form, he, in turn, had to meet the same test. His form of rejection of the tendered answer itself failed to meet the statutory requirements. " It is well settled that a notice accompanying an answer returned for improper verification or lack of verification must state the defects relied upon specifically, and that a general statement is not enough. This is so because the party whose pleading is returned is entitled to a reasonable opportunity after notice and return to cure the defect or supply the omission. Where an insufficient notice is given the situation is exactly as if the pleading had not been returned at all." (*West- chester Life, Inc.,* v. *Westchester Magazine Co.,* N. Y. L. J., March 22, 1948, p. 1046, col. 7; see, also, *Treen Motors Corp.* v. *Van Pelt,* 106 Misc. 357, 361.)

It has long since been held that the omission of a venue or the statement of an improper venue in an affidavit does not invalidate the oath or render the affidavit a nullity when it is shown by proof *aliunde* that it was duly administered by a proper officer within the jurisdiction. (*Fisher* v. *Bloomberg,* 74 App. Div. 368.) And, where an affidavit was actually sworn to before the proper officer, but the officer administering the oath failed to certify the affidavit or to sign his name thereto, such omission does not render the affidavit fatally defective, but it may be corrected *nunc pro tunc.* (1 Carmody on New York Pleading and Practice, § 282, citing *Sage* v. *Stafford,* 42 App. Div. 449; *Fawcett* v. *Vary,* 59 N. Y. 597.)

In any event, the advent of the Civil Practice Act was intended to and does do away with these technical problems that have no relation to the merits of the litigation, and, in this court's judgment, any irregularity that exists in the defendant's answer as served may be disregarded under section 105 of the Civil Practice Act. (Also, see *People ex rel. Fifth Ave. & 37th St. Corp.* v. *Miller,* 261 App. Div. 550.)

Arriving at this conclusion, as the court must, the defendant's motion is one made as a matter of right, because no default in fact results, and therefore there is no occasion for an affidavit of merits.

The language contained in the moving papers seeking to characterize the conduct of the plaintiff's attorney in entering a

default judgment is found by this court to be completely unjustified, and it would be far better had counsel used more restraint in the preparation of the application, and this court orders it stricken from the affidavit.

The motion to open the default to vacate the judgment entered herein is accordingly granted, without terms. The plaintiff, however, is entitled to a prompt trial of the issues on the merits and the matter is accordingly set for calendar purposes for December 24, 1948, for the purpose of fixing a trial date.