GEO. A. MAGNEY, Administrator of the Estate of T. C. Hendryx, Deceased, Appellant, v. R. M. ROBERTS, Guardian of H. N. MOORE, Insane.

Execution sale: PROOF OF NOTICE: SHERIFF'S DEED. Under the law
1 of Nebraska the sheriff's return to a sale of land on execution indicating the publication of a notice of sale, is insufficient to prove such publication, but there must be an affidavit of the publisher subscribed by him to authorize an order confirming a sale, and a sheriff's deed issued in the absence of such proof of a published notice of sale is of no validity.

Principal and surety: RELEASE OF SURETY: NEGLIGENCE OF CREDITOR.
2 Where a judgment creditor, purchasing property sold on execution, fails to use proper diligence in procuring a sheriff's deed and thereby permits another creditor to secure a prior lien on the property, a surety of the debtor is thereby released to the extent of the amount which might have been realized had the judgment creditor preserved his rights. Evidence held to show want of diligence.

*Appeal from Montgomery District Court.*— HON. O. D. WHEELER, Judge.

FRIDAY, DECEMBER 15, 1905.

SINCE the former appeal (120 Iowa, 310) the plaintiff has died and the defendant become insane. The administrator of the estate of the former has been substituted as plaintiff, and the guardian of the latter as defendant. No changes appear in the issues or evidence, save as noted in the opinion. The defenses interposed were sustained by the court in a directed verdict, on which judgment was entered. The administrator appeals.—*Reversed.*

*L. D. Homes* and *T. J. Hysham,* for appellant.

*C. E. Richards* and *P. W. Richards,* for appellee.

LADD, J.— Moore was but a surety on the two notes of
$1,000 each executed February 26, 1896, and bearing 6 per
cent. per annum.   A judgment for the amount due thereon
was recovered against the principal, Evans, in Sarpy county,
Neb., November 18, 1898, and an order entered sustaining
the levy of a writ of attachment on certain land of Evans,
and directing the sale thereof.   Special execution issued,
and the property was sold by the sheriff to Hendryx, the
judgment plaintiff, as the highest bidder for $2,390, January
30, 1899.   Application for the confirmation of the sale, ac-
cording to the practice of that state, was made February
27th, following, and an order of confirmation entered by the
court March 15th.   Evans filed a supersedeas bond April 3,
1899, to which his attorneys attached Moore's name, as well
as that of Evans, and on October 12th of the same year, a
petition in error was filed in the Supreme Court setting up
sixteen alleged errors, upon which reversal was demanded.
In September, 1900, Hendryx filed a motion, admitting the
twelfth error assigned (that there was no proof of the publi-
cation of the notice of the sale), and asked that the sale be
set aside and the cause be remanded, with directions that the
property be readvertised, and again sold.   The order was ac-
cordingly reversed.   In the meantime, however, a mortgage
on the land executed by Evans to one Phillips securing the
payment of $4,000 was placed on record October 24, 1899,
and, under the laws of Nebraska, became a lien prior and
superior to that of Hendryx's judgment and sale.   On the
former hearing (120 Iowa, 310) we held that Hendryx, in
omitting to procure and record the sheriff's deed to the land,
was guilty of such negligence as to release the surety to the
extent of the amount bid for the land.   On the last trial the
additional evidence, materially affecting the issues, related
to the filing of the transcript in the Supreme Court of Ne-
braska, and the signature to the affidavit of the publication
of the sheriff's notice of sale.   The issues were substantially
the same save that a few more statutes of Nebraska were in-

cluded in the reply and a plea of estoppel interposed. The trial court directed the jury to return a verdict sustaining the defense that the security of the sale was lost through the neglect of Hendryx. Was this error?

The only question now for consideration is whether the additional evidence and new issue, in the light of the record as it stood on the former hearing, should lead to a different result. Our conclusion that the order confirming the sheriff's sale was erroneous renders it unnecessary to determine whether a review thereof was first sought by appeal instead of by petition in error, as appeared on the first trial; for, in either event, it must have been reversed, and set aside, and any deed that might have been procured by the judgment plaintiff would have been of no avail. The error in the order of confirmation was in entering it without proof of publication as required by section 7069 of the Compiled Statutes of Nebraska of 1903, exacting " that the officer cause public notice of the time and place of sale " to be " given for at least thirty days before the day of sale by advertisement in some newspaper printed in the county or in case no newspaper is printed in the county, in some newspaper of general circulation therein." The return of the sheriff indicated the publication of the notice of sale, but this under the decisions of that State, was insufficient. *Miller v. Lefever,* 10 Neb. 77, (4 N. W. Rep. 929), approved in *Holmes v. Crooks,* 56 Neb., 466 (76 N. W. Rep. 1073.) These cases construe the statute to require additional proof of such service by the affidavit of some one knowing the facts. A form of affidavit, sufficient in every respect, save that it did not purport to be signed by the affiant, was attached to the return. Subsequent to the entry of the order, some one signed the name of the person named in the affidavit as affiant, and the transcript of the record introduced in evidence on the first trial so showed, and this was the basis of what was then said of there being no error in fact. Since,

1. EXECUTION SALE: proof of notice: sheriff's deed.

then, the name has been expunged by order of court, and the alleged affidavit now appears as though never signed.

Appellee contends that subscribing affiant's name was unnecessary. Section 6924 of the Compiled Statutes of Nebraska of 1903 provides that an affidavit, save in verification of a pleading, must be authenticated by the person before whom taken the same as in taking depositions, and, under section 6937, the officer in taking these must certify among other things " that the deposition was written and subscribed in the presence of the officer certifying thereto." This clearly indicates that the signature of the person making the affidavit is required. Moreover, the definition of an affidavit " as a written declaration under oath " (section 6920, Compiled Statutes of Nebraska of 1903) is in the exact language of a similar statute of this State (Code, section 3689) construed in *Crenshaw v. Taylor,* 70 Iowa, 386, and *Lynn v. Morse,* 76 Iowa, 665, to exact the signature of affiant. In the absence of any decision of the Supreme Court of Nebraska to the contrary, we are of the opinion that the affidavit must be subscribed by the affiant in order to constitute proof of the publication of notice. It is said, however, that affiant's name was signed by him at the beginning of the affidavit, but this, if so, did not appear from the form attached to the return, and was not established by other evidence. It follows, then, that the order of confirmation was erroneous and, if the deed had been taken and recorded by Hendryx, this would have been of no avail, as, though the error had not been confessed, the order must have been reversed by the Supreme Court of Nebraska.

II. It does not follow, however, that Hendryx did all that reasonable diligence exacted in preserving the advantage acquired by the sale of the land. The order of confirmation was entered on his motion, and while the sheriff was required to make a proper return, it was also incumbent on the judgment plaintiff to exercise reasonable diligence in present-

2. PRINCIPAL AND SURETY: release of surety: negligence of creditor.

ing to the court proper evidence in support of his motion. The evidence disclosed that the omission of the signature to the affidavit was pressed upon the attention of the court by the attorneys of Evans. This brought it to the attention of Hendryx. The court seems to have thought either the return or the affidavit without the signature sufficient, and it cannot be held, as a matter of law, in the face of its conclusion, that Hendryx was wanting in diligence in not thinking otherwise, even though subsequently so confessing in the Supreme Court of Nebraska. But the mere fact of the court's order is not conclusive on the question of negligence. The court of last resort had declared a sheriff's return alone insufficient as proof of the publication of the notice of sale. The form of certificate of an officer to an affidavit exacted by statute, clearly indicated that it must be subscribed by the affiant. Hendryx's attention was directed to the omission and for all that appeared the signature could have been readily obtained. He subsequently admitted that the proof was insufficient.

In the light of these facts, we have no hesitation in saying that the question of his diligence in preserving the security he had acquired by the sale was for the jury to pass on. If a person of ordinary prudence would have avoided the error in the order of confirmation and preserved his lien by taking and recording a sheriff's deed, or, in event of proceeding to review, exacted adequate security, then Hendryx should have done so, and the surety was released to the extent of the loss occasioned by such failure; otherwise the verdict should be for the full amount claimed.

There is no merit in the plea of estoppel, and other points argued were settled on the former appeal.

*Reversed.*